Hon. B. F. DENNISON......................... do      do

A. W. MOORE........................ .......... CLERK.

---

### KING COUNTY vs. D. A. NEELY.

Statement of the case.

The regularity of the proceedings in taking the appeal from the Board of Commissioners examined, and some defects pointed out. But how far these defects were cured by reason of the appearance of the opposite party in the District Court without making objection, the Court does not decide, as the point was not raised in argument.

Under our statute relating to roads and highways, approved January 30, 1867, no appeal lies from the action of the Board of County Commissioners in locating and opening county roads, except on the single question as to the amount of damages awarded.

In order to ascertain the mode of prosecuting an appeal in such cases, the act of January 30, 1867, should be taken in connection with the previous acts on the subject, especially the act of 1854, as well as section 29 of the act of January 21, 1857, relating to County Commissioners.

Views of the Court expressed in regard to the remedy to which a complainant may resort in cases where the proceedings of the Commissioners are irregular and erroneous, and also in cases where the Commissioners have no jurisdiction; or, having jurisdiction, have exceeded their prescribed limits.

Error to Third Judicial District.

Opinion by DENNISON, Associate Justice.

This case comes up on writ of error, to review a judgment rendered by the District Court in a case appealed to that Court from the Board of County Commissioners of King County.

241

The subject matter out of which the litigation arose was the location of a public road across the land claim of Neely, and the damages awarded therefor.  The facts of the case, so far as they are disclosed in the transcript, are substantially these:

In May, 1867, under an act of the Legislative Assembly, approved January 30, 1867, the County Commissioners located a road leading from Seattle to White river, which road, when opened, would run across the land claim of D. A. Neely.

At a session of the Board of Commissioners in August, 1867, Neely, as it seems from a recital in the transcript, presented a complaint to the Commissioners, claiming that he would be damaged in a large amount by the opening of the road.  What else, if anything, was contained in this complaint does not appear, as no copy of it is in the transcript.  Thereupon the Commissioners appointed three persons to assess and determine the amount of damages.  At the November session, 1867, these appraisers made a report to the Commissioners, and were not able to agree upon the amount of damages sustained by Neely; whereupon, the Board discharged them and appointed three other persons "to assess and determine the amount of damages."  This new set of appraisers made their report to the Board of Commissioners at their session in February, 1868. The board accepted the report and ordered that D. A. Neely be allowed the amount of damages stated therein, to-wit:  Two hundred dollars.

February 20, 1868, Neely filed his notice of appeal to the District Court, claiming that he was aggrieved by the action of the Board on an application made by himself and others, February 4, 1868, to vacate so much of the road as leads from the old Washburn house to the old Indian ranch on Neely's farm; and also, by the decision made the same day on his application for damages for the location and opening said road on his land.

The case was tried in the District Court at Seattle, upon the notice of appeal, and what purports to be a copy of the journal entries of the Commissioners' Court touching the location of the road and the damages awarded to Neely.  On the trial, the Judge directed the jury to find a special verdict and

to return an answer in writing to the following question:  "Do you approve or disapprove the location of the road in controversy?"  To this direction the County excepted, and the jury answered in writing:  "We agree to disapprove the action of the Board of County Commissioners."  The County then moved for a new trial on the ground that the Court could not pas upon the location of the road, and had no jurisdiction to do so.  The Court overruled the motion and rendered judgment:  "That the action of the County Commissioners regarding the road in question be vacated and held for naught so far as it runs on plaintiff's land, and also, that the defendant, King County, pay the costs of this suit."  No other exceptions being taken, the County of King took a writ of error to this Court.  Two errors are assigned.

1.  The direction given to the jury to return an answer in writing whether they approved or disapproved the road.

2.  The overruling of the motion for a new trial.

Both of the errors assigned may be considered under one head, namely:  What was or what was not legally before the District Court to be determined on the appeal taken?  In other words, what question of law or of fact was legally presented to the District Court for determination on the appeal taken by Neely.

We think it at least doubtful if any question at all was so presented to the Court, although the point was not directly urged in argument.

As a general rule, a party litigant, who desires to prosecute an appeal from an inferior to a superior Court, must do so in conformity with the law regulating appeals, otherwise the appellate Court legally acquires no jurisdiction.  It is true, there are some irregularities which the opposite party will be deemed to have waived by appearing and not objecting at the proper time; but the substantive requirements of the law — those which are essential in order to confer jurisdiction on the appellate Court—must be complied with.

Without saying more upon this point at present, let us ascertain, if possible, what steps should be taken by a complain-

ant in order to secure and effectuate the right of appeal, in cases of this kind, from the Board of County Commissioners. We say in cases of this kind, meaning thereby, in cases of appeals allowed by the act relating to roads and highways, approved Jan. 30, 1867.

Our road laws have undergone so many and singular changes since 1854, that it is not an easy task to ascertain the precise mode of proceeding in prosecuting an appeal from the Board of Commissioners.

By the act of 1854, Secs. 9, 10 and 11, any person considering that he would be injured by the opening of a County road through his land was required, within a specified time after its location, to make a complaint in writing to the Commissioners and have the damages assessed by three viewers to be appointed by the Commissioners, and, in case the complainant was not satisfied with the amount of damages awarded, he might appeal within twenty days to the District Court, and the appeal was to be tried in the District Court in the same manner as appeals from Justices of the Peace. Stat. 1854, page 343.

By the act of 1855, amending the act of 1854, the proceedings before the Commissioners to assess damages were dispensed with, and the complainant was required to file his complaint against the Commissioners, in the District Court, setting forth a full copy of the record of the Commissioner's Court, in the particular matter, which complaint was to be verified, and, after notice given, the case was to be tried and determined in the same manner as other civil actions, thus giving original jurisdiction in such matters to the District Court. Stat. 1855, page 45, Sec. 6.

This mode of proceeding was continued in the subsequent acts relating to roads and highways, until the passage of the act of Jan. 30, 1867, which vested the original jurisdiction, in the matter of assessing damages, in the Board of County Commissioners, as it was in 1854, and re-enacted, with some alterations, the main provisions of the act of 1854 relating to roads and highways, thus restoring substantially, as we think, the mode of

proceeding pointed out in that act for prosecuting appeals from the action of the Board of Commissioners in matters relating to County roads.

The repealing clause in the act of 1867 is sweeping, but we cannot think that the Legislature, after reviving the right of appeals, did not intend to revive the mode of prosecuting the appeal. On this point we refer to Sedgwick on statutory and constitutional law, pages 123, 124, and 125.

If we are correct in this view of the law, it follows that section 8, of the act of 1857, taken in connection with section 11, of the act of 1854, furnishes the guide for prosecuting an appeal in such cases, and that section 29, of the act relating to County Commissioners, approved January 21st, 1857, prescribes the time within which the appeal may be taken and the manner of giving notice.

The first step, then, to be taken by a person claiming that he would be injured by the opening of a road across his land, is to make complaint, in writing, to the Commissioners, setting forth his damages and specifying in what respect he will be injured. This must be done within six months after the location of the road. It is then the duty of the Commissioners to cause the amount of damages to be assessed by three disinterested householders. If the complainant is not content with the amount of damages awarded, he must within twenty days give the notice of appeal and the bond as required by section 29 of the act approved January 21st, 1867.

The subsequent proceedings, we think, should conform substantially to the laws regulating appeals to the District Court from Justices of the Peace.

From the record before us in this case, it appears that Neely made a complaint in August, 1867, to the Commissioners, claiming that he would be damaged a large amount by the opening of the road; but it does not appear how much he claimed or in what respect he would be injured, nor does it appear that any complaint, or a copy of any, was before the District Court on the trial. How any issue could be formed in the District Court

without this paper, it is not easy to see. The county, however, appeared and went to trial without making any objection. Whether or not the fact of appearance without objection operated as a waiver of the defect indicated, is a question which we need not now decide, as the case must turn upon another point. Probably the defect alluded to can be cured by amendment in the Court below.

Conceding, then, that the appeal was regularly taken, and that the same question was properly before the District Court for trial, the next inquiry is, what was that question? It is claimed by the plaintiff in error that the amount of damages sustained by Neely by opening the road on his land was the question to be tried, and that the Court had no authority to submit to the jury the question, "Do you approve or disapprove the location of the road in controversy?"

On the other hand, it is claimed by the defendant in error, that the appeal from the Commissioners' Court brought up not only the question of damages, but all other questions relating to the action of the Commissioners, from first to last, in establishing the road, and that it was competent for the Court to submit to the jury the question which was submitted to them. We are clearly of the opinion that the only triable question on the appeal taken by Neely was the amount of damages he would sustain by reason of the road running across his land. We are also of the opinion that the road law does not allow appeals from the action of the Board of Commissioners in any other matter relating to the location and opening of County roads.

The public must have roads to travel on, and when the Commissioners have duly established them in pursuance of law, a complainant over whose land they run can assert his right to damages, but cannot call in question the right of the Commissioners to locate and open public roads. This is apparent from the road law itself, as well as from the general law of easements and of eminent domain. In saying that no appeal is allowed by the road law from the action of the Board of Commissioners, except in the matter of damages occasioned by opening the road, we must not be understood to say that the proceedings of the

Commissioners in locating and opening county roads may not be reviewed and controlled by a higher Court if irregular or erroneous. We only say that an appeal is not the proper remedy in such cases. If the proceedings of the Commissioners are not in conformity to the statute law, the common law remedy by writ of *certiorari* may be resorted to. If the Commissioners are acting in matters over which they have no jurisdiction, or, having jurisdiction, are exceeding their authority, a writ of prohibition may be the proper remedy. The remedy depends upon the facts and circumstances of each particular case. In some cases the writ of injunction may be used.

The fact that our statute has provided that appeals may be taken to the District Court from a decision of the Board of County Commissioners in the various matters over which they have jurisdiction, does not deprive the District Court of the power to review and control their illegal action by writ of *certiorari*, prohibition, or other proper process.

These remarks may, perhaps, be considered as outside of the case now before the Court, but we have thought it proper to make them as a matter of general interest to the bar and to the public.

From the view we have taken of the law governing this case, it follows that the only question which should have been presented to the District Court, to be tried and determined on appeal, was the amount of damages sustained by the appellant, and that it was error to submit to the jury the question whether they approved or disapproved the location of the road. The judgment of the Court below must therefore be reversed and the case remanded for a new trial.